```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
MAIN STREET AMERICA           :
ASSURANCE COMPANY             :     Civil No. 3:18CV02073(JCH)
                              :
v.                            :
                              :
VINCENT SAVALLE and           :
LEE WINAKOR                   :     September 16, 2019
                              :
------------------------------x

**RULING ON DEFENDANT SAVALLE'S MOTION TO COMPEL [Doc. #39]**

Pending before the Court is a motion by defendant Vincent Savalle ("Savalle") seeking to compel further responses to his written discovery requests directed to plaintiff Main Street America Assurance Company ("Main Street"). [Doc. #39]. Main Street has filed an objection to Savalle's motion. [Doc. #50]. For the reasons articulated below, and to the extent Savalle's motion may be construed as seeking to compel the production of a privilege log, the Court **GRANTS, in part**, Savalle's Motion to Compel. [**Doc. #39**].

A.  **Background**

The Court presumes general familiarity with the background of this matter. However, the Court will briefly address the procedural and factual background as relevant to the pending motion to compel.

1

Main Street brings this action seeking a declaration of its rights under a "Businessowners Policy" issued to Savalle. See generally Doc. #19, Amended Complaint. Specifically, Main Street seeks a declaration that it is not obligated to defend or pay the claims that Lee Winakor ("Winakor"), Savalle's co-defendant here, brought against Savalle in state court. See generally id. Winakor obtained a judgment in the state court against defendant Savalle as a result of Savalle's alleged faulty workmanship at Winakor's property. See id. at ¶5, ¶¶12-16. That judgment is currently being appealed. See Doc. #27 at 6.

Main Street asserts that Savalle failed to provide notice of Winakor's lawsuit, and that the claims asserted against Savalle by Winakor in the underlying state court litigation are not covered by the policy at issue. See id. at ¶¶17-19, ¶¶23-26, ¶¶31-35, ¶¶40-45. Savalle has filed a counterclaim against Main Street alleging, inter alia, that his office manager telephoned plaintiff's agent, Marcus Insurance, "to advise it of the Winakor lawsuit ... on July 22, 2015, at the defendant Savalle's direction[.]" Doc. #20 at 5. As stated in the parties' Rule 26(f) report, Savalle contends that Main Street "breached its duty to defend him, to his substantial cost, and that [Main Street's] breach bars it from the protection of the terms of the policy[.]" Doc. #25 at 2-3.

2

On August 12, 2019, Savalle filed the motion to compel now at issue, asserting that Main Street had failed "to answer five of the seven interrogatories the named defendant propounded to it on June 19, 2019, and likewise failed to respond to all but one or two of his six requests for production[.]" Doc. #39 at 1. On August 13, 2019, Judge Janet C. Hall referred Savalle's motion to compel to the undersigned. [Doc. #40].

On that same date, the Court ordered that counsel for Main Street and Savalle engage in a follow-up meet-and-confer conference, either by telephone or in person. See Doc. #41. The Court further ordered that: (1) Main Street and Savalle file a joint status report by August 28, 2019, detailing which of Savalle's discovery requests had been resolved by agreement, and which remained outstanding for the Court's adjudication; and (2) Main Street file a response to Savalle's motion by August 30, 2019. See id. The Court scheduled a telephonic discovery conference for September 6, 2019, to address any issues that had not been resolved by agreement of the parties. See id.; see also Doc. #44.

On August 28, 2019, Main Street and Savalle timely filed their joint status report. [Doc. #46]. Main Street and Savalle reported that they had successfully resolved the disputes surrounding Interrogatories 2, 3, 4, 6, and 7, as well as Request for Production 11. See id. at 1. Main Street and Savalle

3

were unable to reach an agreement with respect to Interrogatory 5, and Requests for Production 12 and 13. See id.

On August 28, 2019, Main Street filed a motion to continue the September 6, 2019, telephonic status conference, due to the unavailability of its counsel. [Doc. #45]. In light of the representation that Main Street's counsel was unavailable for the status conference, and where only three discovery requests remained for the Court's adjudication, the Court canceled the September 6, 2019, telephonic discovery conference and indicated that it would rule on the motion to compel once Main Street responded to the motion. See Doc. #47. Main Street timely filed its objection to the motion to compel on August 30, 2019. [Doc. #50].

**B. Applicable Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v.

4

Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (citation omitted), as amended (June 15, 2016); Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

**C.  Discussion**

Savalle seeks to compel responses to the following discovery requests:

> Interrogatory 5: Please state whether [Main Street], or any officer or body of [Main Street], considered legal action against the Charles G. Marcus Agency in connection with the present action.
>
> Request for Production 12: Any and all documents, recommendations, reports, analysis, memoranda, messages, emails and correspondence that informed or were considered by the decision-maker in arriving at his, her, its or their decision to participate in the defense of the underlying claim, including the pending appeal to the Connecticut Appellate Court.
>
> Request for Production 13: Any and all documents, recommendations, reports, analysis, memoranda, messages, emails and correspondence that informed or were considered by the decision-maker in arriving at his, her, its, or their decision to pursue, or not pursue, action against the Charles G. Marcus Agency.

Doc. #39-1 at 3, 5. Main Street did not respond to these requests, and instead lodged numerous objections, including,

5

inter alia, that each request is overbroad and unduly burdensome. See id. at 3, 5-6.[1]

Central to this dispute are Main Street's objections on the grounds of the attorney-client privilege and the work product doctrine. Main Street objected, in pertinent part, that each request "seeks information and/or documents protected by the attorney-client privilege and/or work product doctrine, or information and/or documents prepared in anticipation of litigation." Doc. #39-1 at 3, 5-6.

Defendant Savalle asserts that because Main Street failed to provide a privilege log in support of its claims of privilege and work product protection, the Court should find Main Street's claims of privilege waived. See Doc. #39-3 at 4. Main Street concedes that it has not produced a privilege log, but asserts it should not be required to do so because: (1) the discovery requests at issue are improper as each seeks privileged materials on its face; and (2) it would be unduly burdensome to produce a privilege log. See generally Doc. #50 at 4-7.

"[T]he burden of establishing the existence of an attorney-client privilege or work product protection rests with the party

---

[1] In light of the discrete claims asserted in both the Amended Complaint and Counterclaim, the Court is skeptical that Interrogatory 5 and Request for Production 13 seek relevant information that is proportional to the needs of the case. Main Street, however, did not object to these requests on that ground.

asserting the privilege/protection." OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04CV2271(RWS), 2006 WL 3771010, at *4 (S.D.N.Y. Dec. 15, 2006); see also Bernstein v. Mafcote, Inc., No. 3:12CV311(WWE), 2014 WL 3579522, at *7 (D. Conn. July 21, 2014) ("The party asserting work product protection bears the heavy burden of establishing its applicability." (citation and internal quotation marks omitted)). Thus, Main Street, "the party seeking to invoke the privilege[,] must establish all elements of the privilege. This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or ipse dixit assertions." Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D.N.Y. 1993); see also Davis v. City of New York, No. 10CV699(SAS)(HBP), 2012 WL 612794, at *5 (S.D.N.Y. Feb. 27, 2012) ("As the parties asserting privilege, defendants have the burden of establishing through [their] privilege log, affidavits, or other evidentiary material that the elements of the privilege exist."), on reconsideration in part, 2012 WL 2401973 (June 26, 2012).

"An essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim." Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44,

47 (D. Conn. 2007) (citation and internal quotation marks omitted); accord Davis v. Hunt Leibert Jacobson P.C., No. 3:12CV1102(JBA), 2016 WL 3349629, at *3 (D. Conn. June 10, 2016). The production of a privilege log is mandated by both the Federal Rules of Civil Procedure and the District's Local Rules. See Fed. R. Civ. P. 26(b)(5)(A); D. Conn. L. Civ. R. 26(e) ("In accordance with Fed. R. Civ. P. 26(b), when a claim of privilege or work product protection is asserted in response to a discovery request for documents or electronically stored information, the party asserting the privilege or protection **shall** serve on all parties a privilege log." (emphasis added)).

The importance of providing a privilege log, both to a party's adversary, and to the Court, for assessing claims of privilege, cannot be understated. As noted by Judge Thomas P. Smith:

> The purpose of preparing the privilege log is to assist the court and the parties in performing the careful analysis that a privilege or immunities evaluation demands. An invocation of a claim of privilege without producing an accompanying privilege log can be an unfair discovery tactic that increases delay in the resolution of lawsuits, fosters excessive motion practice, increases the costs of litigation, and greatly increases the work of the court. In addition, the very act of preparing a privilege log has a salutary effect on the discovery process by requiring the attorney claiming a privilege to actually think about the merits of assertion before it is made, and to decide whether such a claim is truly appropriate. Moreover, the requirement of a privilege log is intended to underscore the gravity, if not the solemnity, of an assertion that otherwise presumptively discoverable documents are

> exempt from discovery. The requirement that detail be provided operates to discourage pro forma, half-baked, dilatory, and even jocular assertions of privilege.

Horace Mann, 240 F.R.D. at 47. Other judges in this District have similarly emphasized the importance of a privilege log. See, e.g., Hunt Leibert, 2016 WL 3349629, at *3 ("The purpose of preparing the privilege log is to enable the Court and the parties to make an intelligent decision as to whether a privilege ... exists, and to reduce the need for in camera examination of the documents[.]" (internal citation and quotation marks omitted)); Jones v. Midland Funding, LLC, No. 3:08CV802(RNC), 2009 WL 3107461, at *2 (D. Conn. Sept. 22, 2009).

Main Street asserts that it should not be required to produce a privilege log because Savalle's requests "are patently improper[.]" Doc. #50 at 1. In support of that assertion, Main Street relies primarily on the plain language of Rule 26(b). See Doc. #50 at 3-4. It does not cite any case law directly supporting that position. Regardless, Main Street is obligated to provide Savalle with a privilege log to support its claims of privilege and work product protection. See, e.g., Sidari v. Orleans Cty., No. 95CV7250(HBS), 2000 WL 33597212, at *2 (W.D.N.Y. Mar. 31, 2000) ("[T]he plaintiff asserts that the material requested is subject to the attorney work-product privilege. On its face, it would appear that at least

some of the requested information may be subject to the attorney work-product privilege. ... [E]ven in such cases the party asserting such a privilege is obligated to make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (citation and internal quotation marks omitted)). "Rule 26(b)(5) does not end with the caveat, 'if the party feels like it.' It is in no way optional. Nor does it matter that plaintiffs feel that the creation of a privilege log would be 'burdensome and wasteful.'" <u>JDS Therapeutics, LCC v. CVS Pharmacy, Inc.</u>, No. 15CV4365(JSR), 2015 WL 6459092, at *2 (S.D.N.Y. Oct. 22, 2015).

In that regard, Main Street contends that preparing a privilege log would be unduly burdensome because it "would be required to create a privilege log for every single document sought by each request, which requests constitute an abuse of the discovery process." Doc. #50 at 7. Main Street has made no showing as to the number of documents implicated by Savalle's requests. Main Street provides no explanation as to why creating a privilege log would be unduly burdensome. Rather, it makes the conclusory assertion that Savalle's discovery requests are "an abuse of the discovery process." <u>Id.</u> "As with assertions

of privilege, a party asserting burden must come forward with evidence of that burden." Macmillan, Inc. v. Fed. Ins. Corp., 141 F.R.D. 241, 243 (S.D.N.Y. 1992). Main Street has provided the Court with no evidence regarding the burden that would be associated with preparing a privilege log.

Savalle argues that the Court should find Main Street's claims of privilege waived in light of its refusal to provide a privilege log. Savalle's position is largely supported by the case law in this Circuit. See, e.g., Hunt Leibert, 2016 WL 3349629, at *3 ("Failure to provide a privilege log can result in a waiver of the privilege." (citation and internal quotation marks omitted)); JDS Therapeutics, 2015 WL 6459092, at *2 ("[F]ailing to timely provide a privilege log may also result in waiver." (quoting Weiss v. Nat'l Westminster Bank, PLC, 242 F.R.D. 33, 66 (E.D.N.Y. 2007))); Holmes v. Fischer, No. 09CV00829S(LGF), 2013 WL 1309157, at *5 (W.D.N.Y. Mar. 28, 2013) ("[E]ven if the informant's privilege did apply, Defendants have waived it. ... Defendants did not ... move for a protective order or file any privilege log with regard to the requested information. As such, Defendants have waived any such privilege."); OneBeacon, 2006 WL 3771010, at *7 ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates

as a waiver of any applicable privilege."). Not only has Main Street risked waiving its claims of privilege by failing to provide Savalle with a privilege log (or to seek a protective order), it has also utterly failed to meet its burden in establishing the applicability of those privileges here. As previously stated, the burden of establishing the applicability of either the attorney-client privilege or the work product doctrine "cannot be met by 'mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys." OneBeacon, 2006 WL 3771010, at *4 (quoting Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 472 (S.D.N.Y. 2003)); accord Horace Mann, 240 F.R.D. at 47. That is precisely what Main Street attempts to do here.

Nevertheless, the Court is generally reluctant to find claims of attorney-client privilege and work product protection waived, particularly where, as here, there is ongoing related litigation. Although Main Street has failed to carry its burden of establishing any privilege or work product protection, the Court will afford it one final opportunity to support those claims.

Accordingly, it is hereby **ORDERED**: On or before **September 30, 2019,** Main Street shall provide Savalle with a privilege log that complies with the Federal and Local Rules of Civil

Procedure.[2] Alternatively, on or before **September 30, 2019**, Main Street may, in its discretion, move for a protective order from providing such a privilege log. To the extent that Main Street elects to seek a protective order, it must explain in detail why providing a privilege log would be unduly burdensome, and provide evidentiary support in support of that assertion (i.e., affidavits). ***Failure by Main Street to either timely provide Savalle with a privilege log or to move for a protective order will result in the waiver of all claimed privileges and/or work product protection***.

If Main Street elects to provide Savalle with a privilege log, then on or before **October 4, 2019**, counsel for Main Street and Savalle shall engage in an in-person or telephonic meet-and-confer conference to discuss whether, in light of the information provided in the privilege log, Interrogatory 5, and

---

[2] Counsel for Main Street are directed to carefully review the Local Rules concerning the requirements of a privilege log, as it is not entirely clear that counsel are familiar with that provision of the Local Rules. Indeed, if counsel for Main Street had reviewed the Local Rules, counsel would have realized that the Local Rules require "preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written or electronic communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action." D. Conn. L. Civ. R. 26(e) (emphases added). That provision may alleviate some of Main Street's concerns about burden. The Court also suggests that Main Street review the law applicable to insurers and insurance disputes with respect to claims of attorney-client privilege and work product protection.

13

Requests for Production 12 and 13 remain in dispute. If those requests do remain in dispute, then on or before **October 8, 2019,** counsel for Savalle and Main Street shall file a joint notice on the docket indicating that fact. The Court will then set an expedited briefing schedule to address any remaining dispute.

**D.  Conclusion**

Therefore, for the reasons stated, and to the extent Savalle's motion may be construed as seeking to compel the production of a privilege log, the Court **GRANTS, in part,** Savalle's Motion to Compel. [**Doc. #39**].

SO ORDERED at New Haven, Connecticut this 16th day of September, 2019.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE