UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
MAIN STREET AMERICA           :
ASSURANCE COMPANY             :  Civil No. 3:18CV02073(JCH)
                              :
v.                            :
                              :
VINCENT SAVALLE and           :
LEE WINAKOR                   :  September 30, 2019
                              :
------------------------------x

## RULING ON DEFENDANT WINAKOR'S
## MOTION FOR PROTECTIVE ORDER [Doc. #51]

Pending before the Court is a motion by defendant Lee Winakor ("Winakor") seeking the entry of "a protective order from the continued taking of his deposition by counsel or the co-defendant, Vincent Savalle to the extent any such questions exceed the scope of the notice of claim to the Plaintiff by the Defendant, Vincent Savalle or the allegations set forth in the complaint in an action entitled Lee Winakor vs. Vincent Savalle[.]" Doc. #51 at 1 (sic). Alternatively, Winakor moves for an order terminating his deposition pursuant to Rule 30(d)(3)(B). See id. Defendant Vincent Savalle ("Savalle") has filed a memorandum in opposition to Winakor's motion. [Doc. #55]. For the reasons stated below, the Court **GRANTS, in part, and DENIES, in part**, Winakor's Motion for a Protective Order [**Doc. #51**]. The motion is **GRANTED** as to Winakor's request for a protective order, and **DENIED** as to Winakor's request for an

1

order terminating his deposition.

I. **Background**

Plaintiff Main Street America Assurance Company ("Main Street") brings this action seeking a declaration of its rights and obligations under a "Businessowners Policy" issued to Savalle. See generally Doc. #19, Amended Complaint. Specifically, Main Street seeks a declaration that it is not obligated to defend or pay the claims Winakor, Savalle's co-defendant here, brought against Savalle in state court. See generally id. Winakor obtained a judgment in the state court against defendant Savalle as a result of Savalle's alleged faulty workmanship at Winakor's property. See id. at ¶5, ¶¶12-16. That judgment is currently being appealed. See Doc. #27 at 6.

Main Street asserts that Savalle failed to provide notice of Winakor's lawsuit, and that the claims asserted against Savalle by Winakor in the underlying state court litigation are not covered by the policy at issue. See id. at ¶¶17-19, ¶¶23-26, ¶¶31-35, ¶¶40-45. Savalle has filed a counterclaim against Main Street alleging, inter alia, that his office manager telephoned plaintiff's agent, Marcus Insurance, "to advise it of the Winakor lawsuit ... on July 22, 2015, at the defendant Savalle's direction[.]" Doc. #20 at 5. As stated in the parties' Rule 26(f) report, Savalle contends that Main Street "breached its

2

duty to defend him, to his substantial cost, and that [Main Street's] breach bars it from the protection of the terms of the policy[.]" Doc. #25 at 2-3.

Winakor represents that he has been named as a defendant in this lawsuit because "to the extent [Main Street] may have to make a payment to Savalle, Winakor has an interest in the outcome of the litigation." Doc. #51 at 2.

**II. Discussion**

Counsel for Main Street deposed Winakor on August 26, 2019, for approximately 1 hour and 45 minutes. See id. Winakor represents that during his direct examination, counsel for Main Street focused on "when Winakor gave notice to Savalle of the claims, if he ever notified Savalle's carrier of the claim and what the nature of the claims were." Id. The Court's review of Winakor's deposition transcript generally confirms that representation. See generally Doc. #51-2, August 26, 2019, Deposition of Lee Winakor (hereinafter the "Winakor Tr.").[1]

Immediately after Main Street's deposition of Winakor concluded, counsel for Savalle began his cross-examination of Winakor. See Doc. #51 at 3. Counsel for Winakor represents that

---

[1] Hereinafter, the Court cites to the pages of the Winakor deposition transcript itself and not the page number reflected in the ECF header. However, where the Court cites a pleading or other document filed in this case, all page numbers cited in those documents are to the page number reflected in the ECF header.

3

at the outset of that cross-examination, he advised Savalle's attorney that "if he was going to try and re-litigate the underlying action that [counsel] would advise his client not to answer the questions and would terminate the exam and move for a protective order." Id. Although counsel for Savalle began the cross-examination with questions "appropriate for the subject matter of the litigation[,]" Winakor asserts that Savalle's attorney then "began asking questions which had no bearing on the claims presented by this case and moreover were not even remotely calculated to lead to admissible evidence." Id. Winakor asserts that Savalle "is attempting to re-litigate the underlying cause of action" and "should not be allowed the opportunity to correct what he now sees as the failing of his original trial attorney." Id. at 4. Winakor accordingly requests that the Court terminate his deposition pursuant to Rule 30(d)(3), or enter a protective order "limiting the scope of the deposition to questions related to notice and the allegations contained in the original complaint but not facts or evidence adduced at trial." Id. at 4-5.

Savalle generally responds that "Winakor's narrow construction of the scope of discovery is not warranted either by an applicable rule, or by the course of discovery in this case." Doc. #55 at 1. Savalle also appears to assert that

counsel for Winakor improperly terminated the deposition. See Id. at 2-3.

A. Motion for Protective Order

The Court first considers Winakor's request for a protective order.

*1. Applicable Law*

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "Where the discovery is relevant, the burden is upon the party

seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)

*2. Analysis*

Because both Winakor and Savalle focus their arguments on what information is relevant to this declaratory judgment action, the Court begins its discussion there.

Savalle contends:

> The complaint put the defendant Savalle's liability to the co-defendant Winakor into issue, in order to assert that [Main Street] was not obligated to cover that liability. But inasmuch as liability and coverage are the central issues in the case, any evidence that would lead to a conclusion that [Winakor] has no claim would be highly relevant.

Doc. #55 at 2. Tellingly, Savalle fails to provide any citation to the Amended Complaint in support of that statement. The Court has carefully reviewed the allegations of the Amended Complaint, and has found no allegations putting "defendant Savalle's liability to the co-defendant Winakor into issue[.]" Id. at 1; see also Doc. #19, Amended Complaint.

Throughout the Amended Complaint, Main Street asserts that it "has no duty to defend or indemnify Savalle with respect to the claims asserted by and damages awarded to Winakor in the"

6

state court action. Doc. #19, Amended Complaint at 4, 6. The liability of Savalle to Winakor in the underlying state court action is not relevant to Main Street's declaratory judgment action.[2]

To the extent Main Street asserts that it does not have a duty to defend Savalle, the allegations of the complaint in the state court action are what trigger coverage. See, e.g., Ryan v. Nat'l Union Fire Ins. Co. of Pittsburgh PA, 692 F.3d 162, 167 (2d Cir. 2012) ("Under Connecticut law, it is well established that a liability insurer has a duty to defend its insured if the pleadings allege a covered occurrence, even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered." (citation and quotation marks omitted)); Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co., 876 A.2d 1139, 1144 (Conn. 2005) ("In construing the duty to defend as expressed in an insurance policy, the obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts

---

[2] Attorney Lee appears to take an unduly expansive view of the term "relevance", as demonstrated by his assertion during Winakor's deposition: "The claim of relevance is that this is discovery. I get to find stuff out." Doc. #51-2, Winakor Tr. at 71:20-21.

7

which bring the injury within the coverage." (citation and quotation marks omitted)).

The duty to indemnify, however, is a "separable issue" which "depends upon the facts established at trial and the theory under which judgment is actually entered in the case." Allstate Ins. Co. v. Tarantino, No. 3:15CV62(SRU), 2016 WL 3546197, at *3-4 (D. Conn. June 23, 2016); see also State Farm Mut. Auto. Ins. Co. v. Simonelli, No. 3:12CV1431(JCH), 2014 WL 3738091, at *8 (D. Conn. July 28, 2014) ("[T]he duty to indemnify ... depends on the factual basis upon which judgment ... is rendered[.]"); Cambridge Mut. Fire Ins. Co. v. Ketchum, No. 3:11CV00743(VLB), 2012 WL 3544885, at *7 (D. Conn. Aug. 16, 2012) ("The duty to indemnify in the instant case depends on the theory upon which judgment may be rendered against [the insured] in the underlying state court action[.]"). "[A]n insurer's duty to defend is considerably broader than the duty to indemnify. Consequently, if a court determines that the insurer has no duty to defend the defendant in the underlying action this necessarily means that the insurer also has no duty to indemnify the defendant in that action." Allstate Ins. Co. v. Jussaume, 35 F. Supp. 3d 231, 235 (D. Conn. 2014) (internal citation and quotation marks omitted)). Accordingly, Savalle's assertion that "any evidence that would lead to a conclusion that co-defendant has no claim would be highly relevant[,]" Doc. #55 at 2, is

8

misplaced given the law applicable to the claims asserted in this matter.

Savalle next contends:

> [Main Street] construed the scope [of discovery] broadly. In its interrogatories to [Savalle], it sought not only information concerning [Savalle's] notification to [Main Street], it also requested the names and addresses of all subcontractors and laborers who worked on the Winakor job, every individual known to the defendant or his attorneys who had any knowledge of the facts and circumstances of the underlying action, any statements made by any of the foregoing, and what amounted to the entire nonprivileged contents of his trial counsel's file in the underlying action. All of this [Savalle] provided without objection.

Doc. #55 at 2. Savalle's argument on this point is confused. The Court does not see Main Street's written discovery requests to Savalle as having any bearing on the scope of Attorney Lee's cross-examination of Winakor. Indeed, even if Savalle did not object to written discovery requests on the grounds of relevance, that failure would not waive Winakor's right to do so at his deposition.

After a careful review of the entire deposition transcript, the Court finds that certain lines of Attorney Lee's cross-examination did not seek relevant information, particularly those lines of questioning which attempted to impugn the state court judgment. See, e.g., Doc. #51-2, Winakor Tr. at 66:2-67:4, 70:14-21. Winakor's testimony on direct examination did not open the door to questioning about the liability of defendant

9

Savalle, which has now been established by the state superior court. See Doc. #51-1. Accordingly, the Court **GRANTS** Winakor's Motion for Protective Order seeking to limit the scope of Attorney Lee's deposition questions to those relating to notice, the allegations contained in the state court complaint, and the theory under which judgment was entered against Savalle in the state court action. It is not appropriate for Attorney Lee to use Winakor's deposition in this matter as an attempt to re-litigate, or otherwise impugn the judgment entered in, the underlying state court case.

Savalle may re-notice Winakor's deposition for a date and time convenient for counsel and the witness. The Court reminds the parties, however, that discovery in this matter is scheduled to close on October 15, 2019, see Doc. #53, and absent extraordinary circumstances and a showing of good cause, the Court is not inclined to extend that deadline.[3]

B.  Motion to Terminate Deposition

The Court next considers Winakor's request that the Court enter an order terminating his deposition pursuant to Rule 30(d).

---

[3] If by **October 3, 2019,** counsel are unable to agree on a mutually convenient date and time on which to schedule Winakor's continued deposition, a notice should be filed on the docket on or before the close of business on **October 4, 2019,** stating that fact. In the event counsel are unable to so agree, the Court will unilaterally set a date for Winakor's continued deposition.

*1. Applicable Law*

"Rule 30(d)(3)(A) permits the court to terminate a deposition where a party conducts the deposition in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Scott-Iverson v. Indep. Health Ass'n, Inc., No. 13CV451A(LGF), 2016 WL 787961, at *2 (W.D.N.Y. Mar. 1, 2016). "Although the issuance of an order terminating a deposition is within the discretion of the court, the power to limit or halt depositions is sparingly used." MacPherson v. Hiscock & Barclay, No. 93CV1501(RSP)(GJD), 1995 WL 766401, at *3 (N.D.N.Y. Dec. 28, 1995). "To obtain a protective order under Rule 30(d), the moving party has the burden of proving that the examination was being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent or a party." Mirlis v. Greer, 249 F. Supp. 3d 611, 615 n.9 (D. Conn. 2017) (citation and quotation marks omitted).

*2. Analysis*

The Court has reviewed the entirety of Winakor's deposition transcript. Although Attorney Lee may have been somewhat aggressive in his questioning, nothing in the record before the Court suggests that Attorney Lee conducted the deposition in bad faith or in a harassing manner. Nor is the Court able to conclude on the current record that Attorney Lee conducted the deposition in such a manner as to unreasonably annoy, embarrass,

or oppress Winakor. Rather, it appears that Attorney Lee proceeded down his chosen path due to a misunderstanding of the claims asserted in the Amended Complaint and the information that is relevant to those claims. The Court will provide Attorney Lee with an opportunity to conclude Winakor's deposition, within the parameters of the protective order entered above.

Further, as noted by Savalle, see Doc. #55 at 2-3, it is generally improper to instruct a deponent not to answer a question on the grounds of relevance. See Mirlis, 249 F. Supp. 3d at 614 ("It is improper to instruct a witness not to answer a question on the basis of relevancy. If there is an objection to the question on such grounds, the court reporter should note the objection but the examination should proceed." (internal citation and quotation marks omitted)); see also Fed. R. Civ. P. 30(c)(2). Rather, "[a]n objection at the time of the examination ... must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "If examining counsel engages in irrelevant and objectionable questioning, the appropriate course for opposing counsel is to enter an objection. The witness may then answer the question. If the answer is offered at trial, opposing counsel may then renew the objection and obtain a ruling from the court." Mirlis, 249 F. Supp. 3d at 614 (citation and

quotation marks omitted); see also Fed. R. Civ. P. 30(c)(2) (Counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

Accordingly, at Winakor's continued deposition, counsel may instruct his client to not answer a question to ensure compliance with the protective order entered above. However, counsel should refrain from instructing his client to not answer a question on the grounds of relevance generally.

## III. Conclusion

Thus, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part**, Winakor's Motion for a Protective Order [**Doc. #51**]. The motion is **GRANTED** as to Winakor's request for a protective order, and **DENIED** as to Winakor's request for an order terminating his deposition.

SO ORDERED at New Haven, Connecticut this 30th day of September, 2019.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE