```
------------------------------x
                              :
MAIN STREET AMERICA           :
ASSURANCE COMPANY             :        Civil No. 3:18CV02073(JCH)
                              :
v.                            :
                              :
VINCENT SAVALLE and           :
LEE WINAKOR                   :        November 5, 2019
                              :
------------------------------x
```

## RULING ON DEFENDANT SAVALLE'S RENEWED MOTION TO QUASH SUBPOENA TO TERI DAVIS [Doc. #63]

Pending before the Court is a renewed motion by defendant Vincent Savalle ("Savalle") seeking to quash a subpoena issued by plaintiff Main Street America Assurance Company ("Main Street") to non-party Teri Davis. [Doc. #63]. Main Street has filed an objection to Savalle's renewed motion to quash. [Doc. #67]. For the reasons stated below, the Court **DENIES** Savalle's renewed motion to quash subpoena to Teri Davis [**Doc. #63**].

## I.     Background

Main Street brings this action seeking a declaration of its rights and obligations under a "Businessowners Policy" issued to Savalle. See generally Doc. #19. Specifically, Main Street seeks a declaration that it is not obligated to defend or pay the claims Lee Winakor ("Winakor"), Savalle's co-defendant here, brought against Savalle in state court. See generally id. Winakor obtained a judgment in the state court against Savalle

1

as a result of Savalle's alleged faulty workmanship at Winakor's property. See id. at ¶5, ¶¶12-16. That judgment is currently being appealed. See Doc. #27 at 6.

Main Street asserts that Savalle failed to provide notice of Winakor's lawsuit, and that the claims asserted against Savalle by Winakor in the underlying state court litigation are not covered by the policy at issue. See Doc. #19 at ¶¶17-19, ¶¶23-26, ¶¶31-35, ¶¶40-45. Savalle has filed a counterclaim against Main Street alleging, inter alia, that Teri Davis telephoned Main Street's agent, Marcus Insurance, "to advise it of the Winakor lawsuit ... on July 22, 2015, at the defendant Savalle's direction[.]" Doc. #27 at 5. As stated in the parties' Rule 26(f) report, Savalle contends that Main Street "breached its duty to defend him, to his substantial cost, and that [Main Street's] breach bars it from the protection of the terms of the policy[.]" Doc. #25 at 2-3.

On September 4, 2019, Main Street noticed the issuance of a subpoena to non-party Teri Davis ("Davis"), commanding her to appear and testify at a deposition, and to produce the documents identified on Schedule A to the subpoena. See Doc. #63-1. Schedule A seeks:

> Any and all documents, records, correspondence, memorandum, notes and/or logs regarding the insurance you obtained for or on behalf of Vincent Savalle from 2010 to the present; the work Vincent Savalle performed at 217 Ledgen Wood Road (now known as 24 Island Road) in

North Stonington, Connecticut; the lawsuit captioned Lee
Winakor v. Vincent Savalle, New London Superior Court,
Civil Action No. KNL-CV15-6024218-S; or the instant
litigation captioned Main Street America Assurance Co.
v. Vincent Savalle, et al., including but not limited to
correspondence between you, on the one side, and the
following individuals/entities on the other side:
Attorney James Lee, Attorney Frank Liberty, Charles G.
Marcus Agency, Inc., Main Street America Assurance
Company, and/or Karl Butzgy. You are further commanded
to bring any notations, diaries, logs, notes, notations,
records, memorandum regarding such communications and/or
oral conversations or meetings with such
individuals/entities.

Doc. #63-1 at 6 (sic). The subpoena noticed Davis' deposition
for September 20, 2019, at 1:30PM. See id. at 3.

On September 13, 2019, Savalle filed a motion to quash the
subpoena. [Doc. #54]. On September 16, 2019, Judge Janet C. Hall
referred that motion to the undersigned. [Doc. #56]. On the same
date, the Court denied Savalle's motion, without prejudice to
re-filing, for failure to comply with the Local Rules. See Doc.
#58. The Court ordered counsel for Savalle and counsel for Main
Street to engage in a further meet-and-confer conference. See
id. To the extent that counsel were unable to resolve the
dispute presented in Savalle's motion to quash, then Savalle was
to re-file his motion by October 4, 2019. See id. In accordance
with that Order, Savalle timely re-filed the motion to quash on
October 4, 2019. [Doc. #63]. Main Street filed an objection to
Savalle's motion on October 10, 2019. [Doc. #67].

## II.  **Applicable Law**

"Pursuant to Rule 45 [of the Federal Rules of Civil Procedure], any party may serve a subpoena commanding a non-party to produce designated documents." Crespo v. Beauton, No. 3:15CV412(WWE)(WIG), 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016) (citation and quotation marks omitted). Rule 45 also permits a party to "serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Conn., No. 3:11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b)." Crespo, 2016 WL 259637, at *2.

Federal Rule of Civil Procedure "45(d)(3) provides that the court should quash a subpoena, upon a party's timely motion, when it requires disclosure of privileged information. The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." Dukes v. NYCERS, 331 F.R.D. 464, 469 (S.D.N.Y. 2019) (citation and quotation marks omitted); see also Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) ("The burden of persuasion in a motion to quash a subpoena is borne by the movant.").

## III. **Discussion**

Defendant Savalle moves to quash the subpoena served on Davis because it "expressly seeks communications protected by the attorney-client privilege." Doc. #63 at 1. Main Street responds that Savalle "has failed to meet his burden to show that the information and documents sought... are protected by attorney-client privilege." Doc. #67 at 1. Main Street also challenges the sufficiency of Savalle's privilege log. See id. at 1-3. With respect to the privilege log, Savalle notes "a sub-dispute of the disagreement over the sufficiency of the logs is whether [Main Street] must at this point make a showing of relevance for its insistence on viewing these communications, or whether it need not meet that burden until [Savalle] has made a stronger showing that they are privileged." Doc. #63 at 3. Before addressing the substance of Savalle's primary argument, i.e., the applicability of the attorney-client privilege, the Court briefly addresses the issue of relevance.

### A.   Relevance

Savalle's motion thinly suggests that the documents and information sought by the subpoena are not relevant to the claims and defenses in this matter. See Doc. #63 at 3. Savalle, however, does not develop that argument. It is not surprising then, that Main Street does not address the relevance of the

documents and information sought by the subpoena in its
opposition.

Regardless, as previously noted, Rule 45 subpoenas are
subject to Rule 26's relevance requirement. See Crespo, 2016 WL
259637, at *2. The Court, however, does not reach the issue of
relevance for two reasons. First, defendant Savalle does not
sufficiently develop any argument directed to the relevance of
the documents and/or testimony sought. "It is not enough to
merely mention a possible argument in the most skeletal way,
leaving the court to do counsel's work, create the ossature for
the argument, and put flesh on its bones." United States v.
Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Second, Savalle does
not have standing to challenge the subpoena on the grounds of
relevance. See Universitas Educ., LLC v. Nova Grp., Inc., No.
11CV1590(LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)
("A party lacks standing to challenge subpoenas issued to non-
parties on the grounds of relevancy or undue burden."); accord A
& R Body Specialty & Collision Works, Inc. v. Progressive Cas.
Ins. Co., No. 3:07CV929(WWE)(HBF), 2013 WL 6511934, at *2 (D.
Conn. Dec. 12, 2013).

Accordingly, the Court turns to the question of the
applicability of the attorney-client privilege to the documents
and information sought by Main Street's subpoena. However,
before reaching the substance of that issue, the Court must

first consider whether state substantive law, or the federal

common law, applies to the question of privilege in this case.

     B.    <u>Applicability of State or Federal Law to Question of</u>
          <u>Privilege</u>

Although not explicitly addressed by the parties, based on

the attachments to the parties' briefing -- specifically, emails

between counsel -- there appears to be some dispute concerning

whether state law or federal common law governs the question of

privilege in this case. <u>See</u> Doc. #67 at 43.

Main Street brings this action in federal court based on

diversity jurisdiction. <u>See</u> Doc. #19 at ¶9; Doc. #25 at 2.[1] "[I]n

a diversity case, the issue of privilege is to be governed by

the substantive law of the forum state[.]" <u>Dixon v. 80 Pine St.</u>

<u>Corp.</u>, 516 F.2d 1278, 1280 (2d Cir. 1975); <u>accord</u> <u>Application of</u>

<u>Am. Tobacco Co.</u>, 880 F.2d 1520, 1527 (2d Cir. 1989); <u>see also</u>

<u>Safeco Ins. Co. of Am. v. Vecsey</u>, 259 F.R.D. 23, 27-28 (D. Conn.

2009) ("Where, as here, a federal court's subject-matter

jurisdiction is premised on diversity of citizenship, the court

must apply state law to privilege issues." (footnote, citation,

---

[1] Main Street brings this "action for a declaratory judgment
pursuant to [the] Federal Declaratory Judgment Act, 28 U.S.C.
§2201[.]" Doc. #19 at ¶7. "[T]he Declaratory Judgment Act does
not by itself confer subject matter jurisdiction on the federal
courts.  Rather, there must be an independent basis of
jurisdiction before a district court may issue a declaratory
judgment." <u>Correspondent Servs. Corp. v. First Equities Corp. of</u>
<u>Fla.</u>, 442 F.3d 767, 769 (2d Cir. 2006) (internal citation
omitted).

and quotation marks omitted)). Accordingly, the Court applies
Connecticut law to the substantive questions of privilege raised
in Savalle's motion.

     C.   <u>Attorney-Client Privilege</u>

Before turning to the parties' substantive arguments
concerning whether Davis was Savalle's "agent for
communication," the Court first reviews the general principles
applicable to claims of the attorney-client privilege in
Connecticut.

*1. Attorney-Client Privilege, Generally*

"As a general rule, communications between client and
attorney are privileged when made in confidence for the purpose
of seeking legal advice." <u>Blumenthal v. Kimber Mfg., Inc.</u>, 826
A.2d 1088, 1095 (Conn. 2003). "In Connecticut, the attorney-
client privilege protects both the confidential giving of
professional advice by an attorney acting in the capacity of a
legal advisor to those who can act on it, as well as the giving
of information to the lawyer to enable counsel to give sound and
informed advice." <u>Olson v. Accessory Controls & Equip. Corp.</u>,
757 A.2d 14, 22 (Conn. 2000). "To invoke the attorney-
client privilege, a communication must satisfy four criteria:
(1) the attorney participating in the communication must be
acting in a professional capacity as an attorney; (2)
the communication must be between the attorney and the client;

(3) the communication must be for the purpose of providing legal advice; and (4) the communication must be made in confidence." Kent Literary Club v. Wesleyan Univ., No. CV-15-6013185, 2016 WL 2602274, at *2 (Conn. Super. Ct. Apr. 12, 2016); see also Pagano v. Ippoliti, 716 A.2d 848, 854 (Conn. 1998).

"[S]ince the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose." Shew v. Freedom of Info. Comm'n, 714 A.2d 664, 670 (Conn. 1998). "[T]he privilege is strictly construed." PSE Consulting, Inc. v. Frank Mercede and Sons, Inc., 838 A.2d 135, 167 (Conn. 2004).

"The burden of proving each element of the privilege, by a fair preponderance of the evidence, rests with the [party] seeking to assert it." Blumenthal, 826 A.2d at 1096; see also State v. Hanna, 191 A.2d 124, 130 (Conn. 1963) ("The burden of proving the facts essential to the privilege is on the person asserting it."). "That burden is discharged by the presentation of evidence in the form of testimony or affidavit concerning the document's content and use." Babcock v. Bridgeport Hosp., 742 A.2d 322, 355 (Conn. 1999).

### 2. Inclusion of Third Parties on Attorney-Client Communications

Although the Connecticut Supreme Court has "acknowledged that statements made in the presence of a third party are

usually not privileged because there is then no reasonable expectation of confidentiality[, it] ha[s] recognized that the presence of certain third parties who are agents or employees of an attorney or client, and who are necessary to the consultation, will not destroy the confidential nature of the communications." Olson, 757 A.2d at 22 (citations and quotation marks omitted); accord Leone v. Fisher, No. 3:05CV521(CFD)(TPS), 2006 WL 2982145, at *5 (D. Conn. Oct. 18, 2006) ("Connecticut courts also require necessity, noting that, the presence of certain third parties ... who are agents or employees of an attorney or client, and who are necessary to the consultation, will not destroy the confidential nature of the communications."). In sum, "[t]he presence of third parties generally destroys the confidentiality of a communication, precluding a claim of privilege. This rule does not apply, however, when the presence of the third parties is required to achieve the purpose of the communication." State v. Mark R., 17 A.3d 1, 7 (Conn. 2011).

### 3. Analysis

Savalle, relying on a Connecticut Supreme Court case from 1859, asserts that the attorney-client privilege bars the disclosure of communications between Davis and Savalle's attorneys because Davis is Savalle's "'agent for communication', inasmuch as [Savalle] himself does not use electronic mail, or a

computer, and communicates in that manner only through [Davis].
She therefore occupies the same necessary role as a clerk or
interpreter, a role that has been recognized in Connecticut law
for the better part of two centuries." Doc. #63 at 1 (relying on
Goddard v. Gardner, 28 Conn. 172 (1859)). Savalle further
contends:

> [T]he rule in Goddard expressly contemplated clerks, who
> were conduits for communication in an age of surface
> mail. Ms. Davis's role in post-Goddard electronic mail
> is little different. And second, Mr. Savalle does not
> use electronic mail, or for that matter, a computer. If
> communication with him is to occur by email, it must
> necessarily be through the agency of a person who can
> use that technology.

Doc. #63 at 2-3.

Main Street's response is twofold. First, relying on
Savalle's deposition testimony, Main Street contends that Davis
is Savalle's "girlfriend" and "is not, nor has she ever been
Savalle's employee." Doc. #67 at 2 (citing Savalle Dep. August
26, 2019, 77:25-78:5). Main Street further asserts:

> Savalle's counsel had not inquired about the manner in
> which the communications sought to be withheld were used
> and/or prepared. ... Savalle's counsel had no knowledge
> of the extent to which Savalle substantively
> participated in the preparation of communication if one
> were to believe it was communication from Savalle or
> whether the communication from Davis to counsel was
> entirely Davis' product.

Doc. #67 at 2 (sic). Second, Main Street contends that the law
does not support Savalle's position, and that there was "no need
to communicate via email and, even if there were, Savalle just

as easily could have established his own email address for legal purposes." Id. at 5. Main Street's overarching argument is that Savalle has failed to meet his burden of establishing the applicability of the attorney-client privilege to the withheld documents. See generally Doc. #67.

Assuming, without deciding, that Connecticut law supports Savalle's position, Savalle has failed to sustain his burden of establishing the applicability of the attorney-client privilege. Savalle has failed to put forth any evidence that Davis is his agent or that her participation in the communications with counsel was necessary. Although Savalle pleads in his Counterclaim that Davis is his "office manager," Doc. #27 at 5, that fact is not set forth anywhere in Savalle's briefing, or more importantly, in an affidavit sworn to by Savalle. Indeed, Main Street has proffered Savalle's sworn deposition testimony that Davis is not Savalle's employee, but rather his girlfriend. See Doc. #67 at 2. Savalle has not put forth any evidence to refute that point.

Savalle "has the burden of proving each essential element of [his] claim of attorney-client privilege, which in this case would include proving the claim that [Davis] was acting as [Savalle's] agent when [s]he was communicating with [Savalle's] counsel." Amica Mut. Ins. Co. v. Fasarella Pro Painting & Design, LLC, No. FST-CV-10-6003636S, 2011 WL 3671961, at *3

(Conn. Super. Ct. July 21, 2011). As previously noted, to meet
this burden, Savalle was required to present "evidence in the
form of testimony or affidavit[.]" Babcock, 742 A.2d at 355.
Here, "[o]ther than counsel's assertion in a legal memorandum
that [Davis] was acting as [Savalle's] agent, no testimony or
affidavit or documentary exhibit or other evidence has been
brought forth to prove the agency relationship between" Savalle
and Davis. Amica, 2011 WL 3671961, at *3. Nor has Savalle
established, through competent evidence, that Davis'
participation in the communications with counsel was necessary
to the consultation, or otherwise "required to achieve the
purpose of the communication." Mark R., 17 A.3d at 7. Instead,
Savalle relies on the unsworn assertions of his counsel to
support his already tenuous claim of necessity. Such assertions
are insufficient to sustain Savalle's burden under either
Connecticut law or the federal common law. See, e.g., Bowne of
New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 470
(S.D.N.Y. 1993) ("[T]he party seeking to invoke the
privilege[,] must establish all elements of the privilege. This
burden can be met only by an evidentiary showing based on
competent evidence, and cannot be discharged by mere conclusory
or ipse dixit assertions.").

    Savalle has also failed to establish the other elements of
the attorney-client privilege with respect to the withheld

documents. There is no competent evidence before the Court establishing that each of the emails withheld on the basis of privilege was sent or received for the purpose of providing or obtaining legal advice. See Pagano, 716 A.2d at 854.[2] There is also no competent evidence before the Court establishing that Davis sent and/or received the subject emails "with the intent that the communication be kept confidential." Id. Further, and as raised by Main Street, there is no evidence concerning "the extent to which Savalle substantively participated in the preparation of [the] communication ..., or whether the communication from Davis to counsel was entirely Davis' product." Doc. #67 at 2.

Other than Savalle's privilege log, the sufficiency of which the Court addresses below, there is a dearth of information -- let alone evidence -- in the record concerning the relationship between Savalle and Davis, and the necessary elements of the claimed attorney-client privilege. Thus, Savalle has failed to meet his burden of establishing the applicability of the attorney-client privilege to the withheld emails.[3]

_____

[2] For example, "[a] communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Olson, 757 A.2d at 22.

[3] Savalle has also asserted claims of work-product protection. See Doc. #63-5. The parties do not address the applicability of the work-product doctrine in their briefing, and therefore, the

D.  <u>Sufficiency of Privilege Log</u>

Last, the Court considers whether Savalle's privilege log complies with the requirements of the Federal and Local Rules of Civil Procedure.

Savalle asserts:

The focus of the disagreement appears to be whether the description of the general subject matter of most of the emails as "Winnakor v. Savalle", i.e., the underlying state-court action, is sufficient. Inasmuch as that action is still ongoing, and the opposing party in that action is a party to this one, any further elaboration of the contents of those emails risks a breach of confidentiality.

Doc. #63 at 3. Main Street asserts that Savalle's privilege log is deficient because it "does not describe the nature of the item not to be disclosed with sufficient detail to enable Main Street or this Court to assess the claim of privilege." Doc. #67 at 2. More specifically, Main Street asserts that the descriptions in the log "do[] not permit one to assess whether Davis was acting within the scope of her agency for communication on behalf of Savalle, to the extent one were to accept Savalle's contention that such a privilege is recognized[.]" <u>Id.</u> at 3.

The Federal and Local Rules of Civil Procedure set forth the requirements of a privilege log. The Federal Rules provide:

When a party withholds information otherwise discoverable by claiming that the information is

_____

Court does not reach that issue.

> privileged or subject to protection as trial-preparation
> material, the party must: (i) expressly make the claim;
> and (ii) describe the nature of the documents,
> communications, or tangible things not produced or
> disclosed--and do so in a manner that, without revealing
> information itself privileged or protected, will enable
> other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). This District's Local Civil

Rules largely parrot the requirements of the Federal Rules, and

require that a privilege log identify:

> (1) The type of document or electronically stored
> information; (2) The general subject matter of the
> document or electronically stored information; (3) The
> date of the document or electronically stored
> information; (4) The author of the document or
> electronically stored information; and (5) Each
> recipient of the document or electronically stored
> information.

D. Conn. L. Civ. R. 26(e). In pertinent part, the Local Rules

also provide: "If the information called for by one or more of

the foregoing categories is itself privileged, it need not be

disclosed. However, the existence of the document and any non-

privileged information called for by the other categories must

be disclosed." Id.

"The purpose of preparing the privilege log is to enable

the Court and the parties to make an intelligent decision as to

whether a privilege exists, and to reduce the need for in camera

examination of the documents[.]" Davis v. Hunt Leibert Jacobson

P.C., No. 3:12CV1102(JBA), 2016 WL 3349629, at *3 (D. Conn. June

10, 2016) (citation and quotation marks omitted). Thus,

"privilege logs must include sufficient substantive detail for a meaningful review of the application of the privilege, including whether the communications were confidential and made between an attorney and client for the purpose of providing legal advice." Coan v. Dunne, No. 3:15CV50(JAM)(RMS), 2019 WL 1097491, at *3 (D. Conn. Mar. 9, 2019) (citation and quotation marks omitted). "A privilege log is adequately detailed if, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity. Thus, logs are routinely found to be deficient when the details provided do not allow for a purposeful review of the claimed privilege." Wanzer v. Town of Plainville, No. 3:15CV00016(AWT)(SALM), 2016 WL 1258456, at *3 (D. Conn. Mar. 30, 2016) (citation and quotation marks omitted).

Savalle attaches a copy of his privilege log to the motion to quash. See Doc. #63-3. The privilege log contains three columns labeled date, author, and general subject matter. See generally id. Above the columns is a narrative paragraph stating, inter alia, that: all of the claimed documents are emails; "unless otherwise noted, all Terri Davis emails went only to James Lee, and all Lee emails went only to Davis[;]" and "[i]f the general subject matter column is left blank, or contains only the names of other recipients, then the general

subject matter of the email was Winakor v. Savalle." Doc. #63-3 at 1.

Even assuming Savalle's position with respect to the claimed attorney-client privilege is supported by Connecticut law, the privilege log does not provide sufficient information for this Court to determine whether the emails are indeed communications between client (or his agent) and counsel, for the purpose of soliciting or rendering legal advice, that were intended to be and in fact kept confidential. The privilege log does not "provide any information regarding the contents of the email beyond the name of the [case] that the email ... reportedly relate[s] to. Without some indication that these documents contain legal advice or requests therefor, ... the Court cannot review the assertion of privilege." Wanzer, 2016 WL 1258456, at *3; see also Mendillo v. Prudential Ins. Co. of Am., No. 3:12CV1383(WWE), 2014 WL 655297, at *4 (D. Conn. Feb. 20, 2014) ("[A] document is not privileged merely because it was sent or received between an attorney and the client. The document must contain confidential communication relating to legal advice.").

Thus, Savalle's privilege log is deficient and also fails to support his assertion that the attorney-client privilege applies to the emails at issue. See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44, 47 (D. Conn. 2007) ("An

essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim." (citation and quotation marks omitted)); see also Davis v. City of New York, No. 10CV699(SAS)(HBP), 2012 WL 612794, at *5 (S.D.N.Y. Feb. 27, 2012) ("As the parties asserting privilege, defendants have the burden of establishing through [their] privilege log, affidavits, or other evidentiary material that the elements of the privilege exist."), on reconsideration in part, 2012 WL 2401973 (June 26, 2012).

The deficient privilege log is the only effort Savalle has made to satisfy his burden of establishing the applicability of the attorney-client privilege. "Submitting a privilege log is critical, to be sure, but it is not sufficient[]" to establish the requirements of the attorney-client privilege. Hybrid Athletics, LLC v. Hylete, LLC, No. 3:17CV1767(VAB), 2019 WL 4127377, at *9 (D. Conn. Aug. 30, 2019).

Finally, the Court notes that in a prior discovery ruling in this case, the Court acknowledged its general reluctance "to find claims of attorney-client privilege and work product protection waived, particularly where, as here, there is ongoing related litigation." Main St. Am. Assurance Co. v. Savalle, No. 3:18CV02073(JCH)(SALM), 2019 WL 4437923, at *5 (D. Conn. Sept.

16, 2019). However, in that same ruling, the Court reaffirmed that "the burden of establishing the applicability of either the attorney-client privilege or the work product doctrine cannot be met by mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys." Id. at *4. That is precisely what Savalle attempts to do here. The Court also specifically referenced the Local Rule governing the requirements of a privilege log in that ruling. See id. at *5 n.2. Accordingly, counsel for Savalle had ample notice of what this Court would require if he sought to invoke the attorney-client privilege.

Because Savalle has failed to meet his burden in establishing the applicability of the attorney-client privilege to the withheld documents, the Court will require that those documents be produced to Main Street. Counsel for Savalle shall produce the contested documents on or before **November 12, 2019,** and shall cooperate with counsel for Main Street to coordinate a mutually agreeable date on which to conduct the deposition of Teri Davis. Because discovery is scheduled to close on November 15, 2019, see Doc. #65, the Court sua sponte extends the current discovery deadline to **December 3, 2019,** but solely for the purpose of completing the deposition of Teri Davis. In light of the Court's extension of the discovery deadline for this very

limited purpose, the Court additionally extends the dispositive motions deadline to **January 3, 2020.**

IV.  **Conclusion**

For the reasons stated, the Court **DENIES** Savalle's renewed motion to quash subpoena to Teri Davis [**Doc. #63**].

SO ORDERED at New Haven, Connecticut this 5th day of November, 2019.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
