**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------x

MAIN STREET AMERICA ASSURANCE COMPANY : Civil No. 3:18CV02073(JCH)

v.

VINCENT SAVALLE and LEE WINAKOR : April 14, 2021

------------------------------x

**RULING ON DEFENDANT SAVALLE'S MOTION FOR PROTECTIVE ORDER [Doc. #100]**

Pending before the Court is a motion by defendant Vincent Savalle ("Savalle") seeking the entry of a protective order to limit the scope of a subpoena issued by plaintiff Main Street America Assurance Company ("Main Street") to non-party Teri Davis ("Ms. Davis"). [Doc. #100]. Main Street has filed an objection to Savalle's motion. [Doc. #101]. On March 30, 2021, Judge Janet C. Hall referred Savalle's motion for protective order to the undersigned. [Doc. #102]. For the reasons stated below, the Court **DENIES** Savalle's motion for protective order [**Doc. #100**].

## I. Background

The Court presumes familiarity with the factual and procedural background of this matter, which is set forth in the Court's prior discovery rulings addressing the same subpoena now at issue. See Docs. #69, #73. Indeed, this is now Savalle's

**sixth** attempt over the past year and a half to avoid having Ms. Davis comply with the subpoena issued by Main Street. See Doc. #54 (Motion to Quash Subpoena); Doc. #63 (Second Motion to Quash Subpoena); Doc. #72 (Motion for Reconsideration); Doc. #75 (Motion for Protective Order); Doc. #85 (Notice of Appeal of Motion to Quash Ruling).

On September 4, 2019, Main Street issued a subpoena to Ms. Davis, commanding her to appear and testify at a deposition, and to produce the documents identified on Schedule A to the subpoena. See Doc. #101-3. Schedule A seeks:

> Any and all documents, records, correspondence, memorandum, notes and/or logs regarding the insurance you obtained for or on behalf of Vincent Savalle from 2010 to the present; the work Vincent Savalle performed at 217 Ledgen Wood Road (now known as 24 Island Road) in North Stonington, Connecticut; the lawsuit captioned Lee Winakor v. Vincent Savalle, New London Superior Court, Civil Action No. KNL-CV15-6024218-S; or the instant litigation captioned Main Street America Assurance Co. v. Vincent Savalle, et al., including but not limited to correspondence between you, on the one side, and the following individuals/entities on the other side: Attorney James Lee, Attorney Frank Liberty, Charles G. Marcus Agency, Inc., Main Street America Assurance Company, and/or Karl Butzgy. You are further commanded to bring any notations, diaries, logs, notes, notations, records, memorandum regarding such communications and/or oral conversations or meetings with such individuals/entities.

Doc. #101-3 at 11.

Unlike Savalle's first five attempts to prevent Ms. Davis from complying with the subpoena, which focused on the invocation of the attorney-client privilege, Savalle now seeks a

protective order to limit the scope of the subpoena on the grounds of proportionality and relevance. See generally Doc. #100. As set forth below, Savalle's arguments, in what is now his sixth bite at the apple, fare no better than his first five attempts.

## II. Applicable Law

"Pursuant to Rule 45 [of the Federal Rules of Civil Procedure], any party may serve a subpoena commanding a non-party to produce designated documents." Crespo v. Beauton, No. 3:15CV412(WWE)(WIG), 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016) (citation and quotation marks omitted). Rule 45 also permits a party to "serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Conn., No. 3:11CV1906(WWE)(HBF), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b)." Crespo, 2016 WL 259637, at *2.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery;" and/or "limiting the scope of ... discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A), (C). When a protective order is sought, the party seeking discovery must first establish that the discovery sought is relevant. See,

e.g., Vertrue Inc. v. Meshkin, No. 3:05CV01809(PCD), 2006 WL 8091500, at *1 (D. Conn. Aug. 9, 2006) ("A party seeking discovery has the initial burden" of showing relevance.). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (citation and quotation marks omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

## III. Discussion

Savalle seeks the entry of a protective order to limit the scope of the subpoena on the grounds of proportionality and relevance. See generally Doc. #100. However, before reaching those arguments, the Court reiterates its prior rulings, which still stand: **Savalle has failed to meet his burden of establishing the applicability of the attorney-client privilege to the materials that are responsive to the subpoena at issue.** See Doc. #69 at 10-14, 20; Doc. #73 at 5-11; see also Doc. #79 at 2 (Judge Hall's ruling on Motion for Protective Order: "This court agrees with Judge Merriam's analysis that Savalle has failed to meet his burden to show, inter alia, that Davis was acting as his agent when she sent the e-mails in question or that the each of the e-mails in question was sent for the

purpose of providing or obtaining legal advice.”). ***Accordingly, no materials that are responsive to the subpoena may be withheld or otherwise redacted on the grounds of the attorney-client privilege.***

A. Proportionality

Savalle contends that the scope of the documents requested in the subpoena "is disproportionate to the needs of this case." Doc. #100 at 1. Specifically, counsel for Savalle, Attorney Lee, contends that the creation of a privilege log is unduly burdensome, and the effort required to create that document is disproportionate to the needs of the case. See id. at 5-6. In response, Main Street asserts: (1) Savalle does not have standing to object on grounds of proportionality; (2) Savalle has waived any proportionality argument as he has failed to raise it in prior motions; (3) Savalle conflates the proportionality argument with what Attorney Lee considers the unduly burdensome task of creating a privilege log; and (4) the documents sought are proportional to the needs of the case. See generally Doc. #101 at 12-16, 20-25.

At the outset, the Court agrees that Savalle does not have standing to challenge the subpoena on proportionality grounds. "The proper standard to be applied in evaluating whether a party has standing to request a protective order on behalf of a third-party is the same as that which is applied in the context of

efforts by parties to quash subpoenas directed to non-parties." Heller v. City of New York, No. 06CV02842(NG)(CLP), 2008 WL 2965474, at *4 (E.D.N.Y. Apr. 11, 2008), report and recommendation adopted, 2008 WL 2966187 (Aug. 1, 2008); see also Jacobs v. Conn. Cmty. Tech. Colls., 258 F.R.D. 192, 194 (D. Conn. 2009) ("Ordinarily, a party does not have standing to move to quash a subpoena served on a third party."). "A party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash unless the party is seeking to protect a personal privilege or right." Malmberg v. United States, No. 5:06CV01042(FJS)(GHL), 2010 WL 1186573, at *1 (N.D.N.Y. Mar. 24, 2010). In his current motion, Savalle does not seek to protect any personal privilege or right. Accordingly, he does not have standing to challenge the subpoena on grounds of proportionality.

Nevertheless, even if Savalle had standing to challenge the subpoena on proportionality grounds, the substance of this argument fails. As noted by Main Street, Savalle does not argue that the information sought by the subpoena is disproportional to the needs of the case. See Doc. #101 at 15-16. Rather, Attorney Lee asserts that creating the privilege log is somehow disproportionately burdensome compared to the needs of the case. See generally Doc. #100 at 5-6. This tortures the meaning and purpose of Rule 26's proportionality requirement, "which focuses

on the marginal utility of the **discovery** sought[.]" New Falls Corp. v. Soni, No. 16CV06805(ADS)(AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020) (emphasis added) (citation and quotation marks omitted). As this Court has previously stated several times in this case, a privilege log is required under the Civil and Local Rules. See Fed. R. Civ. P. 26(b)(5)(A); D. Conn. L. Civ. R. 26(e); see also JDS Therapeutics, LCC v. CVS Pharmacy, Inc., No. 15CV04365(JSR), 2015 WL 6459092, at *2 (S.D.N.Y. Oct. 22, 2015) ("Rule 26(b)(5) does not end with the caveat, 'if the party feels like it.' It is in no way optional. Nor does it matter that plaintiffs feel that the creation of a privilege log would be 'burdensome and wasteful.'"). A party may not unilaterally decide to forego the creation of a log simply because it is difficult or feels like "non-stop work." Doc. #100 at 5.

Regardless, the issue of the creation of a privilege log is MOOT. **The undersigned, and Judge Hall, have already determined that Savalle has failed to meet his burden of establishing the attorney-client privilege as to the materials responsive to the subpoena**. Only materials withheld from production need be recorded on a privilege log. See Fed. R. Civ. P. 26(b)(5)(A). Since there is no basis on which to withhold any materials on the grounds of the attorney-client privilege, there is no longer any need to create a privilege log.

Accordingly, Savalle’s motion to limit the scope of Main Street’s subpoena on proportionality grounds is DENIED.

B. Relevance

Savalle also seeks a protective order to limit the scope of Main Street’s subpoena because “it seeks material that is facially irrelevant to the issues in this case, or for which no particular claim of relevance has been made[.]” Doc. #100 at 1. Savalle asserts that the materials sought by the subpoena must be “tie[d] to” or “framed by the pleadings[.]” Id. at 6-7. In response, Main Street asserts: (1) Savalle does not have standing to object on grounds of relevance; (2) Savalle has waived any relevance argument as he has failed to raise it in prior motions directed to this same subpoena; and (3) the documents sought by the subpoena are within the scope of discovery as contemplated by Rule 26. See Doc. #100 at 12-13, 17-25.

For reasons previously stated, Savalle does not have standing to challenge the subpoena on grounds that it seeks irrelevant information. See Section III.A., supra; see also Universitas Educ., LLC v. Nova Grp., Inc., No. 11CV01590(LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (“A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.”).

Nevertheless, the Court turns to the question of whether the subpoena seeks relevant documents. Rule 26(b)(1) "is liberally construed and is necessarily broad in scope." Soni, 2020 WL 2836787, at *1 (citation and quotation marks omitted). "For discovery purposes, courts define relevance broadly, regarding information as relevant if it 'bears on' or might reasonably lead to information that 'bears on' any material fact or issue in the action." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 72-73 (D. Conn. 2010).

Savalle's relevance argument is so weak, substantively, that it approaches frivolous. Main Street's subpoena seeks relevant information. The subpoena's document request is limited to materials "regarding[:]" (1) "the insurance you obtained for or on behalf of Vincent Savalle from 2010 to the present;" (2) "the work Vincent Savalle performed at 217 Ledgen Wood Road ... in North Stonington, Connecticut;" (3) "the lawsuit captioned Lee Winakor vs. Vincent Savalle[;]" (4) "or the instant litigation[.]" Doc. #101 at 22-23.[1] Documents in each of these categories "might reasonably lead to information that 'bears on' a[] material fact or issue in" this declaratory judgment case,

[1] The document requests are further limited to communications regarding the above-referenced topics, and between Ms. Davis on one side, and five individuals or entities (Main Street, Attorney Lee, Attorney Frank Liberty, Charles G. Marcus Agency, Inc., and/or Karl Butzgy) on the other side. See Doc. #101 at 23.

which involves both coverage and notice issues. Dongguk Univ., 270 F.R.D. at 72-73; see also Doc. #19, Amended Complaint.

Savalle contends that the documents sought are not relevant.[2] First, Savalle asserts that "large swaths of the emails in question ... pertain[] to legal matters other than Winakor v. Savalle." Doc. #100 at 7. Similarly, Savalle contends that other emails are "social" and "pertain[] to subjects such as the Boston Red Sox or counsel's car." Id. It is unclear how emails regarding the Red Sox are responsive to Main Street's subpoena. It may be that Attorney Lee has misconstrued the subpoena as seeking any communications between Ms. Davis, on the one side, and the five identified individuals/entities on the other. This, however, is not what the subpoena seeks; it is expressly limited to four discrete categories of information. See Doc. #101 at 22-23.

Second, Savalle contends that "materials going back to 2010, when the Winakor case was not commenced until 2015, are hard to justify as relevant." Doc. #100 at 7. Attorney Lee again appears to misconstrue the subpoena. It does not seek all materials going back to 2010, but rather those materials

[2] Savalle's attorney now takes a much narrower view of the term "relevance" than he did at earlier stages of this litigation, when he asserted during a deposition: "The claim of relevance is that this is discovery. I get to find stuff out." Doc. #51-2 at 72.

"regarding the insurance you obtained for or on behalf of Vincent Savalle from 2010 to the present[.]" Doc. #101 at 22-23. This is a reasonable time frame. First, the Amended Complaint alleges that Main Street issued Savalle a Businessowners Policy for a period beginning March 9, 2013. See Doc. #19 at 1. Second, the events in the underlying state court lawsuit began in 2012. See Doc. #19-1 at 2. Accordingly, seeking information about Savalle's insurance for the two to three years before then is not unreasonable.

Third, Savalle contends that the documents sought regarding the underlying state court litigation are not relevant because the undersigned "had ruled relitigation of that matter irrelevant." Doc. #100 at 7 (citing Doc. #61). Savalle misstates the undersigned's prior discovery ruling. There, in disposing of a protective order related to the deposition of defendant Lee Winakor, the Court stated: "The liability of Savalle to Winakor in the underlying state court action is not relevant to Main Street's declaratory judgment action." Doc. #61 at 7. The Court specifically found that part of Attorney Lee's examination of Mr. Winakor did not seek relevant information because it attempted to impugn the state court judgment. See id. at 9; see also id. at 10 ("It is not appropriate for Attorney Lee to use Winakor's deposition in this matter as an attempt to re-litigate, or otherwise impugn the judgment entered in, the

underlying state court case.”). The Court did not hold that all discovery regarding the state court litigation was not relevant, but rather restricted Attorney Lee's examination of Mr. Winakor to questions “relating to notice, the allegations contained in the state court complaint, and the theory under which judgment was entered against Savalle in the state court action.” Id. Accordingly, this argument is without merit.

Finally, Savalle contends that “the subpoena calls for emails concerning [this case], which are explicitly and categorically exempted by Local Rule 26(e)(5) when they are between attorney and client.” Doc. #100 at 7. Attorney Lee misstates the Local Rule. Local Rule 26(e) states, in pertinent part:

> This rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written or electronic communications **between a party and its trial counsel** after commencement of the action[.]

D. Conn. L. Civ. R. 26(e). Ms. Davis is not a party to this action, and Attorney Lee is not her trial counsel. Nevertheless, Savalle again attempts to assert that “Davis is Savalle's agent for communication within the meaning of Connecticut law.” Doc. #100 at 7-8. The Court has already rejected this argument and will not permit Savalle to relitigate this issue yet again. See Docs. #69 at 10-14; #73 at 13-14; #79 at 1-2.

Accordingly, Savalle's arguments that the subpoena seeks information that is not relevant to this case are entirely without merit.

On or before **April 21, 2021**, Ms. Davis shall produce to Main Street all materials in her custody or control that are responsive to Main Street's subpoena. These materials may not be redacted or withheld on the grounds of the attorney-client privilege.

The Court declines to enter the Order requested by Main Street directing Savalle "to take no further action obstructing [its] ability to fully and timely complete discovery in this matter." Doc. #101 at 25. The Federal Rules of Civil Procedure expressly prohibit parties or counsel from filing motions designed to "harass, cause unnecessary delay, or needlessly increase the costs of litigation[]" and require that any arguments be supported by law. Fed. R. Civ. P. 11(b)(1), (2). If Main Street believes that Savalle or Attorney Lee is obstructing its ability to complete discovery, it may move for appropriate sanctions.

## IV. Conclusion

For the reasons stated, the Court **DENIES** Savalle's motion for protective order [**Doc. #100**].

SO ORDERED at New Haven, Connecticut this 14th day of April 2021.

/s/

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE